NOT DESIGNATED FOR PUBLICATION

No. 120,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE L. FISH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 21, 2019.
Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jesse Lee Fish appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Fish's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and requests that the district court's judgment be affirmed.

On December 15, 2014, Fish pled guilty to one count of aggravated assault. On February 10, 2015, the district court sentenced Fish to 12 months' imprisonment and granted probation with community corrections for 24 months.

Fish was allowed to move to Oklahoma while on probation. He later stipulated to violating his probation by not paying court costs and by committing a DUI in Oklahoma.

1

As disposition, the district court imposed a three-day "quick dip" jail sanction and extended probation by 24 months. Then at a hearing on November 30, 2018, Fish stipulated to violating his probation by: (1) committing several crimes in Oklahoma; and (2) using methamphetamine and marijuana on two occasions. In mitigation, Fish argued that he had gone about 18 months with no documented probation violations and he had been accepted into a reintegration program with the Muskogee Nation in Oklahoma. Noting that Fish was before the court on a second probation violation and that he had committed new crimes while on probation, the district court revoked Fish's probation and ordered him to serve his original sentence. Fish timely appealed.

On appeal, Fish "contends that the court's probation revocation was an abuse of discretion." Fish argues that because tribal reintegration would have reduced his chance of recidivism to a greater extent than a term of incarceration, the district court's decision to revoke probation was unreasonable. Fish concedes that once a probation violation has been shown, the decision to revoke probation is within the district court's sound discretion. He also concedes that the district court did not have to impose an intermediate sanction in this instance because he had committed new crimes while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

2

Fish may have benefitted from tribal reintegration into the Muskogee Nation. But in revoking Fish's probation, the district court noted that he was before the court on his second probation violation and he had committed new crimes while on probation. As Fish concedes, the district court did not have to impose an intermediate sanction in this instance because he had committed new crimes while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Based on the record, reasonable persons could agree with the district court's decision to revoke Fish's probation, and the decision was not based on an error of fact or law. Fish has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.